# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2014

Lyle W. Cayce
Clerk

No. 13-10744
Summary Calendar

NATHANIEL HOWARD THOMAS,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-5

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Nathanial Howard Thomas, former federal prisoner # 07052-078 and now Texas prisoner # 1836945, proceeding pro se and in forma pauperis, filed a medical malpractice suit against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.* He alleged that the federal prison's medical staff failed to diagnose or treat his glaucoma, which resulted in blindness in one eye and partial blindness in the other. State law controls the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10744

liability for medical malpractice under the FTCA. *Ayers v. United States*, 750 F.2d 449, 452 n.1 (5th Cir. 1985). Under Texas law, a medical-malpractice plaintiff must prove: (1) the physician's duty to act according to an applicable standard of care, (2) a breach of that standard of care, (3) injury, and (4) causation. *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003). Expert testimony is generally required to prove the applicable standard of care. *Id.* An expert is not necessary where "the mode or form of treatment is a matter of common knowledge or is within the experience of the layman." *Hood v. Phillips*, 554 S.W.2d 160, 165-66 (Tex. 1977).

The district court granted summary judgment against Thomas on the malpractice claim based on his failure to designate an expert witness. We review de novo a district court's grant of summary judgment. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Contrary to his argument that the diagnosis and treatment for glaucoma is common knowledge, Thomas was required to present expert testimony to establish the applicable standard of care. *See Hood*, 554 S.W.2d at 165-66. As it is uncontested that Thomas did not designate an expert witness to testify on his behalf, summary judgment was appropriate. *See Quijano*, 325 F.3d at 567.

Thomas moved for appointment of counsel, asserting that he was unable to proceed pro se because he was incarcerated. Finding no exceptional circumstances, the district court denied the motion, and it later denied a renewed request when summary judgment was granted. On appeal, Thomas has not shown that the district court abused its discretion in denying his requests for the appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

AFFIRMED.